IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| In the Matter of: | Case No.: |
| AUMOND GLEN, LLC | 08-04294-8-JRL |
| Debtor | Chapter 11 |

## **APPLICATION FOR EMPLOYMENT OF ATTORNEY**

Pursuant to the provisions of Sections 327, 329 and 1107(a) of the Bankruptcy Code, the undersigned hereby makes application for an Order authorizing the employment of Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A., as attorney for the Debtor in this Chapter 11 proceeding; and, in support of said Application, shows unto the Court as follows:

1.      Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. do not hold or represent an interest adverse to the estate.

2.      Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. are disinterested within the meaning of Section 327(a) of the Bankruptcy Code, as outlined in the attached affidavit.

3.      The Debtor wishes to retain Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. to represent and assist it in carrying out its duties under the provisions of Chapter 11 of the Bankruptcy Code.  The Debtor wishes to retain Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. to represent the estate generally throughout the administration of this Chapter 11 proceeding.

4.      The compensation paid to date to Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A., is disclosed in the attached affidavit.  The Debtor has read the affidavit, and all matters therein are true and correct to the best of its knowledge and belief.  All post-petition fees, compensation and reimbursement for expenses to said firm will be determined after application and approval by the Court.

5.      The retainer paid to Stubbs & Perdue, P.A. was not paid by the Debtor, but was instead paid by J. Franklin Martin, a member of the Debtor. Mr. Martin paid a retainer in the amount of $200,000.00 to Stubbs & Perdue, P.A., on behalf the Debtor as well as Eagle Creek Subdivision, LLC, Eagles Trace, LLC, Back Creek Farms Subdivision, LLC, and Saddlebrook Subdivision, LLC (the "Affiliated Debtors"). This retainer was not designated to a particular entity, nor has Mr. Martin treated it as a loan to the Debtor or the Affiliated Debtors.  As a result, the Debtor proposes that compensation to be paid to Stubbs & Perdue, P.A. from this retainer be paid as follows:

a.      Stubbs & Perdue, P.A. will maintain separate time entries and time records for the Debtor and the Affiliated Debtors. Separate fee applications will be filed on behalf of each entity.

b.      The retainer shall act as a general retainer for the Debtor and the Affiliated Debtors, without such retainer being allocated to any specific entity. Upon approval of fee applications, Stubbs & Perdue, P.A. will be entitled to draw against the retainer up to the amount of the fees approved for each entity.

c.      In the event the Debtor or an Affiliated Debtor uses its own funds to pay administrative costs, or wishes to set aside funds to cover future administrative costs, such funds shall be maintained separately from the general retainer paid by J. Franklin Martin.

6.      Pursuant to 11 U.S.C. 327(d) the employment of Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A.  would be in the best interest of the estate.

WHEREFORE, the Debtor prays that the Court enter an Order authorizing it to employ Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. as attorney for the Debtor on a general retainer to act as such in advising and representing it through this Chapter 11 proceeding, and that such

compensation to be paid to Stubbs & Perdue, P.A. be paid in accordance with the terms of this

Application.

       DATED: 7/16/08                 AUMOND GLEN, LLC

                                   BY: s/Scott A. Stover_____
                                       SCOTT A. STOVER
                                       MANAGER/MEMBER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

In the Matter of:                                          Case No.:
AUMOND GLEN, LLC                                           08-04294-8-JRL
    Debtor                                                Chapter 11

**ATTORNEY'S AFFIDAVIT**

    I, Trawick H. Stubbs, Jr. of Stubbs & Perdue, P.A., being first duly sworn, having reviewed the petition of the Debtor in the above case for employment of services as attorney for said Debtor, do hereby state under oath as follows:

    1.    This Affidavit is given pursuant to Rule 2014 of the Federal Bankruptcy Rules and Section 327 of the Bankruptcy Code.  Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. represent no interest materially adverse to said Debtor or to the estate of the alleged Debtor in any matters upon which they are to be engaged.

    2.    Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. are disinterested within the meaning of Section 327(a) of the Bankruptcy Code. Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. do not hold an interest adverse to the estate as defined in Section 327(a). A number of the Noteholders of the Debtor are social friends or acquaintances of your undersigned from college or from Charlotte, North Carolina. Paul H. Harrell, Jr., a holder of a second deed of trust in the principal amount of $50,000.00 in the Back Creek Farms Subdivision, LLC case is the father of the undersigned's son-in-law. Your undersigned has not represented nor had any other professional or business relationships with Mr. Harrell.  In my opinion, this does not constitute an insider relationship within the meaning of Section 101(31), does not prevent your undersigned from being a disinterested person within the meaning of Section 101(14), and does not constitute an interest adverse to the estate within the meaning of Section 327(a).

    3.    On or about June 4, 2008, Trawick H. Stubbs, Jr. of Stubbs & Perdue, P.A. was contacted on behalf of the Debtor regarding its financial problems.  The representation has been on an hourly basis.

    4.    Stubbs & Perdue, P.A. received a $200,000.00 retainer from J. Franklin Martin which

was paid to secure the payment of services rendered and expenses incurred by Stubbs & Perdue, P.A. on behalf of the Debtor.  The retainer was deposited into the firm's Trust Account, and from this retainer, $7,973.83 was paid to the firm representing the fees and expenses incurred pre-petition for the period of June 4, 2008 to the time the petition was filed June 27, 2008.  At the time the petition was filed, nothing was owed to Stubbs & Perdue, P.A.  The Debtor has been advised that post-petition compensation must be approved by the Bankruptcy Court. Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. propose that future payments be handled in the manner described in the Application, and believe that such format is appropriate given the method by which the retainer was paid in this case.

5.      Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. are of the opinion that this Debtor is an appropriate candidate for the Bankruptcy Court, and particularly Chapter 11.

6.      It is the opinion of Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A., based upon the experience, knowledge and associations with the entity described herein that it would be in the best interests of the Debtor, all of the parties in interest and particularly in the interest of judicial economy for Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. to serve as counsel for the Debtor, subject to the disclosure of the interests and representations as set forth herein.

7.      Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A., based upon the payments to the law firm, understandings with the parties and the filing of the petition, have not received any preferential payment as defined by the provisions of the Bankruptcy Code.

8.       Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. have had no business, other than professional, with the Debtor, any creditor or other party in interest, or their attorneys or accountants, in connection with this Chapter 11 estate at any time.

9.      This affidavit is based upon a review of applicable case law relative to debtor reorganization, potential conflicts and related matters.

10.      This affidavit has been read, as the Application for Employment of Attorney sets forth, by Scott A. Stover, and he likewise believes the allegations to be true and correct to the best of his knowledge and belief.

DATED:  7/16/08                    s/Trawick H. Stubbs, Jr.
                                   TRAWICK H. STUBBS, JR.
                                   STUBBS & PERDUE, P.A.
                                   310 Craven Street
                                   P.O. Box 1654
                                   New Bern, NC  28563-1654
                                   (252) 633-2700
                                   (252) 633-9600 Facsimile
                                   N.C. State Bar #4221

Sworn to and subscribed  before me this
the 16th day of July, 2008.

s/Catherine P. Landis
Notary Public
My Commission Expires: February 16, 2013

## CERTIFICATE OF SERVICE

I hereby certify that I this day have served a copy of this pleading upon the other parties to this action electronically or by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail, this 16th day of July, 2008.

<div style="margin-left: 50%;">

s/Trawick H. Stubbs, Jr.

TRAWICK H. STUBBS, JR.
STUBBS & PERDUE, P.A.
P.O. Box 1654
New Bern, NC  28563-1654
(252) 633-2700
(252) 633-9600
State Bar No.: 4221

</div>

TO:

Bankruptcy Administrator          (via CM/ECF)

Scott A. Stover                   (via email transmission)
Aumond Glen, LLC