**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

| IN THE MATTER OF:<br><br>Aumond Glen, LLC<br>Myers Mill, LLC<br><br>**Debtors** | Case No. 08-04294-8-JRL<br>Case No. 08-06508-8-JRL<br>**Chapter 11** |
|---|---|
| **Limited Objection to Applications by Stubbs & Perdue, PA** ||

Now comes the Committee and submits this limited objection and request for hearing with respect to the Applications filed in these cases by Stubbs & Perdue, PA, as follows:

1     The following entities (the "Debtors") filed voluntary petitions seeking relief under Chapter 11 of the Bankruptcy Code and an Order for relief was entered in each proceeding:

    a.    On June 27, 2008, Eagle Creek Subdivision, LLC ("Eagle Creek"), Eagles Trace, LLC ("Eagles Trace"), Back Creek Farms Subdivision, LLC ("Back Creek"), Aumond Glen, LLC ("Aumond Glen") and Saddlebrook Subdivision, LLC ("Saddlebrook").

    b.    On September 22, 2008, The Heights Subdivision, LLC ("Heights"), Kelsey Glen, LLC ("Kelsey Glen"), The Rapids at Belmeade, LLC ("Belmeade"), Water Mill, LLC ("Water Mill"), Chandler Oakes, LLC ("Chandler Oaks"), Myers Mill, LLC ("Myers Mill") and River Chase Subdivision, LLC ("River Chase").

    c.    On October 9, 2008, The Village at Windsor Creek, LLC ("Windsor Creek") and Lismore Park, LLC ("Lismore Park").

    d.    On October 15, 2008, Old Towne, LLC ("Old Towne").

    e.    On October 29, 2008, Caledonia Subdivision, LLC ("Caledonia").

2     The Court entered Orders which authorized the appointment of an official committee (the "Committee") consisting of and representing the holders of (i) certain junior deeds of trust (the "Noteholders") and (ii) certain undivided tenancy-in-common interests (the "TIC Owners") upon or in property being developed by the respective Debtors.

3     The firm of Stubbs & Perdue, PA ("Debtors' Counsel") filed initial applications for the

allowance of fees and expenses for the period of June 27, 2008 through September 15, 2008 in regard to the five cases commenced on June 27, 2008. This Court approved fees and expenses in the aggregate amount of $190,032.75, allocated among the five Debtors in varying amounts. Most of the approved fees and expenses were paid from the balance of $147,865.80 from the prepetition retainer of $200,000.00 obtained by Debtors' Counsel, although the retainer was not specifically allocated among the initial five Debtors. Upon information and belief, $8,527.21 was paid post-petition by Aumond Glen towards the outstanding approved fees and expenses of the initial five Debtors.

4      Similarly, Committee Counsel filed initial applications for the allowance of fees and expenses for the period of June 27, 2008 through September 15, 2008 in regard to the initial five cases commenced on June 27, 2008. This Court approved fees and expenses in the aggregate amount of $42,636.05, of which $8,527.21 was paid post-petition by Aumond Glen. No retainer was paid to Committee Counsel, nor have any other payments been made by any party.

5      Committee Counsel filed a second application in the aggregate amount of $51,673.75, and an initial application for Neal Bradsher and Taylor, the Committee's financial consultant, in the aggregate amount of $25,665.11, in each case seeking approval and pro rata payment by all fifteen Debtors to the extent funds are available for that purpose. The Bankruptcy Administrator filed objections to such applications, asking that the fees be more specifically allocated among the individual cases, and the objections are set for hearing on January 28, 2009.

6      Debtors' Counsel filed applications for the allowance of fees and expenses for the period of September 15, 2008 through December 2, 2008, in the amount of (i) $33,203.00, in the Aumond Glen case (the "Aumond Glen Application"), and (ii) $48,955.70 in the Myers Mill case (the "Myers Mill Application"), a total of $82,158.70. No other applications with respect to this period have been filed by Debtors' Counsel in the remaining thirteen cases which are now pending before this Court.

7      In the Aumond Glen Application, Debtors' Counsel states that the time entries have been allocated among the various affiliated debtors based upon the time involved for separate or joint activities, and that the fees and expenses requested in the Aumond Glen Application are properly attributed to Aumond Glen and should be paid by Aumond Glen as a cost of administration in that case.

8   Similar statements are contained in the Myers Mill Application, with the added component that Debtors' Counsel states that the firm received a $60,000 retainer prior to filing the petition in Myers Mill. However, it is not clear that the retainer was paid by Myers Mill or that the retainer was intended to secure the payment of post-petition fees in the case of Myers Mill, in that:

a.  During the course of depositions conducted by Eastwood Construction on December 15-16, 2008, an exhibit was produced which indicated funds advanced by Frank Martin to some of the Debtors during 2008, including specifically $150,000 loaned or contributed to Chandler Oaks on September 11, 2008 and secured by a 3rd lien deed of trust on property owned by Chandler Oaks.

b.  On September 22, 2008, Debtors' Counsel filed petitions for seven (7) entities, including Chandler Oaks and Myers Mill, together with first day motions and other pleadings.

c.  The schedules and statement of financial affairs for Chandler Oaks reflect a secured obligation of Chandler Oaks to Mr. Martin for slightly over $150,000, but no payment to Debtors' Counsel.

d.  The schedules and statement of financial affairs for Myers Mill reflect no secured obligation to Mr. Martin with respect to this loan, but do reflect a $60,000 retainer paid to Debtors' Counsel.

e.  The applications and affidavits to employ Debtors' Counsel in both Chandler Oaks and Myers Mill do not mention the $60,000 retainer, nor do they provide any other information about the source of such funds or the purposes for which such funds were intended.

f.  Presumably, the retainer was intended to secure fees for at least this second group of seven Debtors, if not for others in the affiliated group as well.

9   It is impossible to estimate the total fees and expenses incurred by Debtors' Counsel in all fifteen (15) cases, since no applications have been filed in the other thirteen (13) proceedings. Consequently, neither Committee Counsel nor any other party in interest can determine the total fees and expenses incurred by Debtors' Counsel during the period in question, whether the total fees are reasonable, or if the allocations made by Debtors' Counsel to the Aumond Glen and

Myers Mill cases are appropriate.

10      The pending applications create at least the impression that the applications have been filed and the allocations tailored to fit the result, as only Aumond Glen and Myers Mill have funds available for payment of allowed fees. In fact, it is substantially more likely that the time and effort expended by all counsel in these cases have been for the collective benefit of all and cannot be allocated to any one or more specific cases except in a few special situations (i.e., the hearing on SunTrust Bank's motion for relief from the automatic stay in the Saddlebrook case).

11      For example, on September 17, 2008, Debtors' Counsel and Committee Counsel met in Charlotte to discuss the initial cases, the second set of filings, the need for additional filings, the disputes and negotiations with Eastwood Construction, and other matters which spanned virtually all the pending cases.

    a.   Committee Counsel shows a conference of 4.0 hours in the most recent fee application for this period.

    b.   Debtors' Counsel shows the following:
        i.   In Aumond Glen, LBB 1.3 hours.
        ii.  In Myers Mill, LBB 2.8 hours.

12      Similarly, on October 3, 2008, Debtors' Counsel and Committee Counsel met and attended hearings in Raleigh regarding a number of the pending cases.

    a.   Committee Counsel shows (i) 1.6 hours for conferences with Wachovia, Fifth Third Bank, and First Tennessee Bank, and (ii) 1.6 hours for hearings on use of cash collateral, interim management, and other matters.

    b.   Debtors' Counsel shows in Myers Mill, LBB 3.2 hours for a variety of matters.

13      The Committee previously sought substantive consolidation of these cases, which was denied, and in light of that ruling the payment of administrative expenses cannot be consolidated absent further order of this Court or confirmation of a plan which so provides. In the interim, the Committee has asked the Court to approve and allocate fees on an interim basis among all the Debtors, pro rata, and to allow payment by each Debtor according to their respective ability to pay, pending confirmation of one or more plans of reorganization.

14      Until such time as the eventual outcome of these cases can be determined, the better course would be to have all professionals follow this procedure, so as not to prejudice the rights

and interests of each professional.

      Wherefore, the Committee prays the Court for the following relief:

1      Require that fees and expenses allowed to Debtors' Counsel be allocated on an interim basis and in equal shares among all the Debtors, pro rata, and allow payment by each Debtor according to their respective ability to pay, pending confirmation of one or more plans of reorganization.

2      Apportion or allocate the $60,000 retainer in the same manner.

3      Such other relief as the Court may deem necessary and proper.

      RESPECTFULLY submitted on behalf of the Committee, this the 19th day of December, 2008.

                                        /s/ John A. Northen

Counsel for the Committee:
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25762
vlp@nbfirm.com
Stephanie Osborne-Rodgers, NCSB #29374
sor@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone:  919-968-4441

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| **IN THE MATTER OF:** | |
| **Aumond Glen, LLC** | Case No. 08-04294-8-JRL |
| **Myers Mill, LLC** | Case No. 08-06508-8-JRL |
| | Chapter 11 |
| **Debtors** | |

**Certificate of Service**

THIS IS TO CERTIFY that on the below date, the undersigned served a copy of the **LIMITED OBJECTION TO APPLICTIONS BY STUBBS & PERDUE, PA** by 1) electronic service:

| | |
|---|---|
| Trawick H Stubbs Jr | Marjorie K. Lynch |
| Stubbs & Perdue PA | Bankruptcy Administrator |
| PO Drawer 1654 | P O Box 3758 |
| New Bern, NC  28563-1654 | Wilson, NC  27895-3758 |

2)  depositing the same,  in an envelope bearing sufficient postage in the United States mail:

| | |
|---|---|
| Aumond Glen, LLC | Myers Mill, LLC |
| 521 E Morehead Street, Ste 405 | 521 E. Morehead Street, Ste 405 |
| Charlotte, NC  28202-2617 | Charlotte, NC  28202-2617 |

This the 19th day of December, 2008.

/s/  John A. Northen

Counsel for the Debtor:
John A. Northen, NCSB #6789
jan@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone:  919-968-4441